IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| SHANE E. EASTMAN | § | 05-57404 LMC |
| DEBTOR | § | CHAPTER 7 |
| SHANE E. EASTMAN<br>Plaintiff | § | |
| VS. | § | ADVERSARY CASE NO. |
| BAKER RECOVERY SERVICES and<br>LAW OFFICES OF JUANA TREJO<br>Defendant | § | 08-5055 C |

## COMPLAINT FOR CONTEMPT, DECLARATORY JUDGMENT, AND FOR OTHER RELATED RELIEF

TO THE HONORABLE JUDGE OF SAID COURT

NOW COMES SHANE E. EASTMAN, Plaintiff, and files this Adversary Complaint for Contempt, Declaratory Judgment, and for other related Relief, complaining of BAKER RECOVERY SERVICES (BAKER) and LAW OFFICES OF JUANA TREJO (TREJO), hereinafter referred to as Defendants, and would show the Court as follows:

1. On October 13, 2005, SHANE E. EASTMAN, Plaintiff, filed for relief under Chapter 7 of the United States Bankruptcy Code in the above stated numbered and entitled case. A Discharge of Debtor was issued in the above stated case on January 26, 2006. This case was closed on or about January 27, 2006.

2. A Motion to Reopen this case for the limited purpose of enforcing the Discharge Order and for related relief was filed on or about January 28, 2008. An Order Reopening this case for the purpose stated above was signed on February 25, 2008, by the Honorable Leif M. Clark.

3. Notice of this Cause of Action and process herein should be served on BAKER RECOVERY SERVICES, by serving a true and correct copy of same on JAIMIE BAKER, Owner, at 1505 E. 17th Street, Suite 229, Santa Anna, CA 92705, in accordance with the Federal Rules of Civil Procedure.

4. Notice of this Cause of Action and process herein should be served on LAW OFFICES OF JUANA TREJO, by serving a true and correct copy of same on JUANA TREJO, Owner, at 1505 E. 17th Street, Suite 229, Santa Anna, CA 92705, in accordance with the Federal Rules of Civil Procedure.

**STATEMENT OF FACTS**

5. On or about October 13, 2005, Plaintiff, by and through his Bankruptcy Attorney, WILLIAM P. WEAVER (Weaver Law Office), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

6. The Plaintiff's Bankruptcy Schedules inadvertently failed to include the Defendant, BAKER, on the Schedule F listing of Unsecured Creditors.

7. On information and belief, Defendant, BAKER, is the purchaser and holder of a debt incurred on a Direct Merchants Credit Card Account. The purchase of this debt by Defendant, BAKER, occurred prior to the filing of Plaintiff's Chapter 7 Bankruptcy.

8. On or about January 26, 2006, Plaintiff received a Discharge of Debtor under section 727 of title 11, United States Code.

9. On or about February 28, 2006, BAKER, by and through its Attorney of Record, TREJO, filed a State Court action against Plaintiff, as Cause No. FCM093191, in the Superior Court of California, County of Solano.

10. A copy of said State Court action was sent to Plaintiff by mail and received by him. Upon receipt of said lawsuit, Plaintiff contacted his bankruptcy attorney, William P. Weaver.

11. Mr. Weaver, in turn, contacted TREJO, in writing, on or about May 2, 2006, and provided said attorney with a copy of the Plaintiff's Bankruptcy Notice and Discharge of Debtor.

12. Subsequent to May 2, 2006, and despite actual knowledge of Plaintiff's Chapter 7 Bankruptcy, BAKER and TREJO elected to pursue the above-referenced State Court action and obtained a Judgment against Plaintiff for $11,678.00, including the amount of the alleged debt owed, plus attorney's fees and costs.

13. On or about October 26, 2007, Plaintiff received notice from the Department of the Air Force advising him of their intent to revoke eligibility for access to classified information or assignment in sensitive duties, based upon the Judgment held by BAKER, referenced above.

14. Based upon the correspondence from the Air Force, Plaintiff contacted and retained Plaintiff's counsel herein, and same counsel did contact in writing TREJO and BAKER in an attempt to resolve this matter.

15. In turn, BAKER, on January 8, 2008, sent a fax letter to Plaintiff's counsel, advising same that BAKER would not release the judgment held in California, despite both actual and constructive knowledge of Plaintiff's Bankruptcy, unless Plaintiff agreed to make payment to BAKER.

16. After this Court's Order to Reopen Plaintiff's Bankruptcy Case, and facing this Contempt Action, BAKER finally, by and through a correspondence from his Attorney, dated April 7, 2008, provided a communication to Plaintiff's Counsel showing a copy of an Order vacating Judgment signed by Judge David Edwin Power, Judge of the Superior Court, State of California, County of Solado. However, the repair comes too late, as the damage to Plaintiff's security clearance, and, indeed, his military career, has already taken place.

17. Furthermore, at the time of filing this Adversary, United States Air Force, based upon correspondence by Plaintiff and Plaintiff's counsel, has provided Plaintiff with a Conditional Security Clearance, so Plaintiff may continue his job with the United States Air Force; however, said Clearance is conditional, and is scheduled to be revoked six (6) months from the date of issuance (February 23, 2008), unless this matter is resolved.

## DECLARATORY JUDGMENT - ENFORCEMENT OF THE BANKRUPTCY COURT ORDER

18. Plaintiff, SHANE E. EASTMAN, requests this Court to enforce the Discharge of Debtor order entered by the United States Bankruptcy Court, Western District of Texas, in Chapter 7 Bankruptcy Case Number 05-57404 LMI, as entered on January 26, 2006.

19. Plaintiff further requests this Court to enter a Declaratory Judgment indicating that the debt owed to BAKER, that was the subject of the State Court action brought by BAKER and TREJO, was discharged in Plaintiff's Chapter 7 Bankruptcy.

20. Plaintiff further requests this Court to enter a Declaratory Judgment determining that, despite the fact that the debt owed to BAKER was not initially listed in the Plaintiff's Chapter 7 Bankruptcy schedules, that, nevertheless, said debt was discharged. In entering this Declaratory Judgment, Plaintiff is requesting that this Court affirm its previous decision, **In Re Musgraves** 129 B.R. 119 (Bkrtcy. W.D. Tex., 1991). Plaintiff contends that his Chapter 7 Bankruptcy was a No-Asset Case, and that the omission of BAKER on his Bankruptcy schedules was not motivated by fraud or ill-will.

21. Plaintiff further seeks injunctive relief from this Court, preventing the Defendants, BAKER or TREJO, from pursuing further collection efforts against Plaintiff concerning the debt which is the subject matter of this litigation.

## VIOLATIONS BY BAKER AND / OR TREJO FOR WHICH PLAINTIFF SEEKS DAMAGES

22. BAKER and / or TREJO, violated section 524 of title 11, United Sates Code (the Bankruptcy Code), in that §524(a)(2) provides that a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. The litigation initiated by BAKER and TREJO in State Court was an attempt to collect on a debt discharged in Bankruptcy, and is a violation of section 524 of title 11, United States Code (the Bankruptcy Code), for which the Plaintiff is entitled to damages.

23. BAKER and / or TREJO, continued a violation of section 524 of title 11, United Sates Code, in that once they received undeniable, actual notice of the Plaintiff's Bankruptcy, in the form of a correspondence from Plaintiff's Bankruptcy Attorney, Weaver, BAKER and TREJO elected not to dismiss their state court action, but instead to obtain a Judgment against Plaintiff on a debt discharged in Bankruptcy.

24. BAKER and / or TREJO, continued a violation of section 524 of title 11, United Sates Code, in that once they received further notice from Plaintiff's present counsel of the violation of the Discharge Order, as well as information demonstrating actual damages being incurred by Plaintiff as a result of their Judgment, BAKER elected to send a correspondence attempting to elicit funds from Plaintiff in exchange for dismissing a Judgment to which BAKER was never entitled to in the first place.

25. TREJO is a firm employed by BAKER, as a debt collector at all times relevant to this cause of action. As defined in 15 U.S.C. §1692a(6), TREJO is a "debt collector" for BAKER, and violated the Fair Debt Collection Practices Act.

26. TREJO violated §1692e(2)(A) by pursuing the pending litigation against the Plaintiff in State Court, and thus misrepresented the character, amount, or legal status of the debt, by attempting to collect a debt discharged in a Chapter 7 Bankruptcy.

27. TREJO violated §1692e(5) by pursuing the State Court litigation against the Plaintiff, and thus threatening to take action that could not be legally be taken by TREJO.

28. TREJO violated §1692e(10) by pursuing the State Court litigation against the Plaintiff, and thus used false representation or deceptive means to collect or attempt to collect the debt which is the subject matter of this suit.

29. As a result of the above violations of the Fair Debt Collection Practices Act, TREJO is liable to Plaintiff for his actual damages, for statutory damages, and costs and attorney's fees. Specifically, §1692k(a)(2)(A) provides for statutory damages to be paid by any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of - in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

30. TREJO is a firm employed by BAKER as a debt collector at all times relevant to this Counter-Petition. As defined in §392.001(7), TREJO is a "Third-party debt collector" for BAKER, and violated the Debt Collection Act; Tex. Fin. Code Ann. Ch. 392.

31. TREJO violated §392.301(a)(8) of the Debt Collection Act 1692c(a)(2) by pursuing litigation against the Plaintiff, thus threatening to take action prohibited by law.

32. TREJO violated §392.304 (8) by pursuing the State Court litigation against the Plaintiff, and thus misrepresented the character, extent, or amount of a consumer debt.

33. TREJO violated §392.304 (8) by pursuing the State Court litigation against the Plaintiff, and thus misrepresented the consumer debt's status in a judicial or governmental proceeding.

34. As a result of the above violations of the Debt Collection Act, the Plaintiff seeks injunctive relief as previously requested herein, to prevent further illegal collection efforts by TREJO and / or BAKER. TREJO and / or BAKER are liable to the Plaintiff for his actual damages and costs and attorney's fees in accordance with §392.403, Tex. Fin. Code Ann.

35. Pursuant to §392.404, Tex. Fin. Code Ann. (Debt Collection Act), a violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code (Deceptive Trade Practices - Consumer Protection Act), and is actionable under that subchapter.

36. BAKER and TREJO violated §17.46, Tex. Bus. & Com. Code Ann. (Deceptive Trade Practices - Consumer Protection Act) by pursuing the State Court litigation against the Plaintiff, while having knowledge that said actions were not permitted, as said debt had already been legally discharged in Bankruptcy.

37. BAKER and TREJO acted both knowingly and intentionally in pursuing collection of the debt against the Plaintiff, while they were aware of or should have been aware of Plaintiff's Bankruptcy matter. BAKER and TREJO are liable to the Plaintiff for his economic damages, and should be liable to the Plaintiff for "treble" damages as provided in §17.50(b)(1), Tex. Bus. & Com. Code Ann. (Deceptive Trade Practices - Consumer Protection Act). BAKER and TREJO are liable to the Plaintiff's Attorneys for reasonable Fees and reimbursement of costs.

38. Plaintiff asserts that the actions by BAKER and TREJO were intentional and reckless, in that BAKER and TREJO knew or should have reasonably known of the Plaintiff's Bankruptcy Filing; that the pursuit of a Judgment in State Court against the Plaintiff after receiving actual notice of the Plaintiff's Bankruptcy from Plaintiff's Bankruptcy Attorney was extreme and outrageous; and that the conduct by BAKER and TREJO has proximately caused the Plaintiff severe emotional distress. Alternatively, Plaintiff contends that once BAKER and TREJO had undeniable, actual knowledge of Plaintiff's Chapter 7 Bankruptcy, their continued action in the State Court litigation against the Plaintiff was extreme and outrageous; and that the conduct by BAKER and TREJO in that regard has proximately caused the Plaintiff severe emotional distress. BAKER and TREJO have met the elements of the tort of intentional infliction of emotional distress, and the Plaintiff should be allowed to recover from BAKER and TREJO actual damages, exemplary damages, and reasonable costs and attorney's fees.

39. Plaintiff asserts that the actions by BAKER and TREJO directly caused a suspension of Plaintiff's security clearance and access to classified information in his employment capacity with the Department of the Air Force. Plaintiff further asserts that said suspension caused him to be bypassed for promotion and prevented him from obtaining several jobs and more lucrative assignments that would have advanced his military career.

40. Plaintiff asserts that the actions by BAKER and TREJO were intentional and reckless, in that BAKER and TREJO knew or should have reasonably known of the Plaintiff's Bankruptcy Filing; that the pursuit of litigation against the Plaintiff was extreme and outrageous; and that the conduct by BAKER and TREJO has proximately caused the Plaintiff severe emotional distress. Alternatively, Plaintiff contends that once BAKER and TREJO had undeniable, actual knowledge of Plaintiff's Chapter 7 Bankruptcy, their continued action in the State Court litigation against the Plaintiff was extreme and outrageous; and that the conduct by BAKER and TREJO in that regard has proximately caused the Plaintiff severe emotional distress. BAKER and TREJO have met the elements of the tort of intentional infliction of emotional distress, and the Plaintiff should be allowed to recover from BAKER and TREJO actual damages, exemplary damages, and reasonable costs and attorney's fees.

## DAMAGES - COSTS AND ATTORNEY'S FEES

41. It was necessary for Plaintiff to secure the services of ROB EICHELBAUM, a licensed attorney, and ALEX KATZMAN, a licensed attorney, to represent him in this cause of action. Judgment for attorney's fees and expenses through final judgment after appeal should be granted against Defendants, and in favor of the Plaintiff for the use and benefit of Plaintiff's attorneys; or, in the alternative, Plaintiff requests that reasonable attorney's fees and expenses through final judgment after appeal be taxed as costs and be ordered paid directly to Plaintiff's attorneys, who may enforce the order for fees in the attorney's own names.

## DAMAGES - PUNITIVE DAMAGES

42. The Actions of BAKER and TREJO, in violation of the Bankruptcy Court Final Order of Discharge were willful, as that term has been defined. Furthermore, in conjunction with the Plaintiff's assertion of intentional infliction of emotional distress, the actions of the DEFENDANTS, individually and collectively, were outrageous, malicious, and otherwise morally culpable. The circumstances of this case are appropriate for an award of punitive damages. Defendants knew through correspondence from Plaintiff's Bankruptcy Counsel, Weaver, of the Plaintiff's Chapter 7 Bankruptcy filing and subsequent discharge, but still elected to secure a Judgment against Plaintiff in a State Court action. Defendants were made aware that their illegal actions in securing the Judgment placed at risk Plaintiff's Security Clearance with the United States Air Force, and thus put Plaintiff's job and livelihood in jeopardy. Nevertheless, BAKER refused to withdraw the improper Judgment, and instead attempted to elicit a monetary settlement instead of withdrawing the Judgment which he secured on a debt which Defendants knew, or should have known, was discharged in Bankruptcy. The pursuit of these collection efforts represents malice on the part of the Defendants, BAKER and TREJO, or gross negligence in not realizing that the debt they chose to pursue, and alternatively chose to sell and/or represent as valid and existing debt, had already been discharged in bankruptcy. The selection of litigation against the Plaintiff, together with the jeopardy placed upon Plaintiff's ability to earn a living, represents the most extreme and outrageous form of debt collection. For these reasons, and others, Defendants, individually and collectively need to be appropriately punished for their actions to the extent that they will not undertake a like course of action. This can only be achieved by the imposition of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, the Court finds:

A. Declaratory Judgment be entered upholding the discharge of the debt in question with respect to Plaintiff, pursuant to section 727 of title 11, United States Code (the Bankruptcy Code);
B. Actual Damages;

C. Statutory Damages against the appropriate Defendants, collectively and individually, pursuant to 15 U.S.C. §1692k;
D. "Treble" Damages for mental anguish and economic damages as deemed appropriate by this Court, in accordance with §17.50(b)(1), Tex. Bus. & Com. Code Ann.;
E. Costs and Reasonable Attorney's Fees against the appropriate Defendants, collectively and individually, pursuant to 11 U.S.C. §362(h), 15 U.S.C. §1692k, §392.403, Tex. Fin. Code Ann., §17.50, Tex. Bus. & Com. Code Ann., and common law theories of tort named herein;
F. Punitive Damages as deemed appropriate by this Court, in accordance with 11 U.S.C. §362(h), and by meeting the requirements as outlined under the common law tort of intentional infliction of emotional distress;
G. For such other and further relief as may be just and proper.

Respectfully submitted,

EICHELBAUM LAW OFFICE
6100 Bandera Road, Suite 407
San Antonio, Texas 78238
(210) 681-5710 Telephone
(210) 509-6444 Facsimile

By: _____
Rob Eichelbaum
State Bar No. 24002043


KATZMAN & KATZMAN
12451 Starcrest Drive, Suite 106
San Antonio, Texas 78216-2988
Tel (210) 979-7300
Fax (210) 979-7357

By: _____
Alex Katzman     by permission
Texas Bar No. 00786939