**SO ORDERED.**

**SIGNED this 31st day of January, 2011.**



_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Shane E. Eastman | 05-57404-C |
| *Debtor* | Chapter 7 |
| Shane E. Eastman | |
| *Plaintiff* | |
| v. | Adv. No. 08-5055-C |
| Baker Recovery Services & The Law Offices of Juana Trejo | |
| *Defendants* | |

**Order on Motion to Reconsider Order Regarding First and Final Fee Application Filed by Counsel for Plaintiff**

Came on for consideration the foregoing matter. The court entered its Decision [#48] on the Plaintiff's fee application, filed incident to judgment in this adversary proceeding. An order consistent with that decision was entered [#50] on January 12,

2011. Defendants have filed a timely motion to reconsider that order, contending that the ruling is based on an erroneous reading of the facts in the record in this case.

The court's ruling dealt in part with the defendants' contention that they had made an offer in compromise pursuant to Rule 68. The defendants argued that, if the damages awarded by the court failed to exceed the offer in compromise, then no fees at all could be awarded to the plaintiff, and that the defendants would be entitled to recover their fees in the defense of the litigation from and after the unaccepted offer was made. *See* FED.R.CIV.P. 68(d). The court found that the fees incurred constituted damages in their own right, given the nature of the action as one seeking to enforce a statutory injunction and to recover for the costs incurred by virtue of the violation of that injunction. It then found that the fees incurred even as of the date of the offer in compromise filed of record in this case exceeded the amount that offer. *See* Decision [#48], at 9-10.

The defendants seek reconsideration of that ruling, contending that the record in this case demonstrates that two offers were made in March 2008. The motion is not well taken. "An offer of judgment may be made only by a party defending against a claim. Therefore an offer of compromise made by defendant before the commencement of the action is not an offer of judgment under Rule 68 and does not relieve defendant from the payment of the costs of the action even though plaintiff's recovery is the same as or less than the amount of the offer of compromise." CHARLES A. WRIGHT & ARTHUR R. MILLER, 12 FED. PRACT. & PROC. § 3003 (West 1973); *see also NAACP v. Town of East Haven*, 259 F.3d 113, 121 (2nd Cir. 2001); *Clark v. Sims,* 29 F.3d 420, 424 (4th Cir. 1994); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) ("a defendant's

offer of compromise before commencement of an action is not an offer under Rule 68 and therefore [the defendant's] higher settlement offer does not preclude an award of fees to [the plaintiff's] attorney").

The court also notes that the movant failed to raise the issue of what the record did or did not contain in its response to the plaintiff's fee application, adverting only to the offer of compromise made February 27, 2009. *See* Response [#47] of Baker Recovery Services and the Law Offices of Juana Trejo to First and Final Application for Reasonable Attorneys' Fees and Reimbursement of Actual Expenses by Attorneys for the Plaintiff, Shane E. Eastman, at ¶ 9. Raising those issues for the first time by way of motion for reconsideration is inappropriate. The court, however, has reviewed the record and confirmed that the "offers" to which this motion makes reference are in fact offers made before litigation commenced.

For the reasons stated, the motion is denied.

# # #